**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**3:13-cv-44-RJC**

| | | |
|---|---|---|
| JASON MICHAEL BROWN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| STATE OF NORTH CAROLINA, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before the Court on a review of the petition for a writ of habeas corpus filed by Petitioner pursuant to 28 U.S.C. § 2241. (Doc. No. 1).

**I.    BACKGROUND**

According to the website of the North Carolina Administrative Office of Courts, Petitioner is facing eight (8) State charges of felony third-degree sexual exploitation of a minor, in violation of N.C. Gen. Stat. § 14-190.17A. Petitioner's court date on all charges is scheduled for June 10, 2013, in Union County Superior Court within the Western District.

In the present action, Petitioner contends in his first, second, and fourth grounds for relief that his Eighth Amendment right to be free from excessive bail has been violated by the State of North Carolina, by and through a magistrate judge and another judge at his first appearance. Petitioner argues that his bail was initially set at $150,000 for four Class H felonies following his appearance before the magistrate on April 11, 2012. (Doc. No. 1 at 11).[1] Petitioner maintains that

---

[1] In his third ground for relief, Petitioner contends that he was denied a timely probable cause hearing in the State district court, and instead his case was transferred to superior court. (Id. at 7). According to this record, Petitioner's trial counsel filed a motion for a probable cause

1

on the same day he appeared before the magistrate, his bond was raised to $450,000 by the State judge after the district attorney spoke with agents from the Federal Bureau of Investigation. (Doc. No. 1 at 6-7).

In his claim for relief, Petitioner moves the Court for an order striking his bond and an award of $450,000 in monetary damages for the perceived violations of his constitutional rights. (Id. at 8).

## II.  DISCUSSION

Petitioner is seeking both monetary damages and an order of immediate release. Although Petitioner did not denote the former claim as one arising under 42 U.S.C. § 1983, this request for relief nevertheless creates a hybrid case—a claim seeking monetary damages, which must be litigated under Section 1983, and a claim for immediate release under Section 2241.

### A.  Monetary Damages

Claims affecting the fact or duration of confinement generally may not be litigated under Section 1983. See, e.g., Heck v. Humphrey, 512 U.S. 477 (1994); Preiser v. Rodriguez, 411 U.S. 475 (1973). In Preiser, the Supreme Court examined the overlap between a case filed pursuant to Section 1983 and a case seeking habeas relief pursuant to 28 U.S.C. § 2254. The Court found that habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate release.

In Heck v. Humphrey, the Court considered the question of whether damages could be

---

hearing and moved that the hearing be held in State district court within 15-days, or in the alternate that the hearing be held on Petitioner's next State court date which was scheduled for August 21, 2012. See (Doc. No. 1 at 12). According to this record, this claim is clearly unexhausted as it does not appear that Petitioner has presented this argument to any North Carolina court. Accordingly, this claim will be dismissed without prejudice.

awarded in a Section 1983 action, and concluded that "in order to recover damages for an allegedly unconstitutional conviction or imprisonment . . . a plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id. at 486-87. The Court continued by explaining that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the validity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Id. at 487. In continuing this line of reasoning, the Supreme Court later clarified that Section 1983 actions are barred, no matter the relief sought, "if success in that action would necessarily demonstrate the invalidity of confinement or duration." Wilkinson v. Dotson, 544 U.S. 74, 82 (2005). In Wilkinson, the Court again emphasized that habeas corpus was indeed the exclusive remedy for state prisoners who "seek to invalidate the duration of their confinement—either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody." Id. at 81-82.

Although Petitioner maintains his innocence, as is his right, the information before this Court demonstrates that Petitioner has eight (8) pending charges for felony third-degree sex exploitation of a minor that have yet to be adjudicated in State court. Based on the foregoing authority, the Court finds that Petitioner may not now proceed with a claim for monetary damages in this action.[2]

---

[2] In any event, Petitioner's claim for damages against the State of North Carolina would likely be barred by the State's immunity under the Eleventh Amendment. See Nivens v. Gilchrist, 444 F.3d 237, 248-49 (4th Cir. 2006).

B.  <u>Habeas Relief</u>

Petitioner also moves for an order striking his bail and presumably immediate release. According to the documents submitted by Petitioner, it does not appear he has filed a petition for a writ of habeas corpus in State court although according to his sworn petition he did file a challenge to his bail which was denied on September 7, 2012. (Doc. No. 1 at 2). Nor does it appear that Petitioner has challenged his pretrial release before the North Carolina Court of Appeals.

Federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the present case, Petitioner contends that he is being held in violation of his right to be free from excessive bail under the Eighth Amendment. So while the Court has the authority to consider this argument, "prudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of habeas power." <u>Munaf v. Geren</u>, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted). As the Fourth Circuit observed, "[i]n the case of those detained by states, principles of federalism and comity generally require the exhaustion of available state court remedies before we conduct habeas review of the detention." <u>Timms v. Johns</u>, 627 F.3d 525, 531 n.5 (4th Cir. 2010) (citing <u>Boumediene v. Bush</u>, 533 U.S. 723 (2008)).

The requirement of exhaustion reflects "an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971) (internal quotation marks

4

and citation omitted). In order "[t]o provide the State with the necessary 'opportunity', the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claims." Baldwin v. Reese, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted). In light of these principles, a federal court may only consider those issues which were "fairly presented" to and passed upon by the state court. See Picard, 404 U.S. at 275-76.

In the present case, it appears that Petitioner has simply abandoned any effort to present his claim to the State court even though North Carolina law provides he may continue to press his claim for pretrial release through motions for bail pursuant to the provisions of N.C. Gen. Stat. § 15A-531 et seq.. In addition, Petitioner can file a petition for a writ of habeas corpus in State superior court. See N.C. Gen. Stat § 15A-547 (specifically preserving right to petition state court for a writ of habeas corpus). Finally, if Petitioner fails through these efforts he could petition the North Carolina Court of Appeals to review his conditions of pretrial release. See In re Reddy, 16 N.C. App. 520, 192 S.E.2d 621 (N.C. Ct. App. 1972) (treating motion for reduction in bail as a petition for a writ of habeas corpus).

## III.  CONCLUSION

The Court finds that the failure to properly challenge his pretrial release at the State level impermissibly deprives the State courts of a fair opportunity to pass upon the merits, if any, of his motion for pretrial release. Accordingly, the Court finds that Petitioner has not exhausted his claims before the State courts and the Court will dismiss this petition, including his claim for monetary damages, without prejudice.

**IT IS, THEREFORE, ORDERED** that this action is **DISMISSED** without prejudice.

The Clerk of Court is respectfully directed to close this case.

Signed: April 29, 2013

Robert J. Conrad, Jr.
Chief United States District Judge